# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| DOUGLAS M. JACKSON, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:07cv00056 |
| | ) | |
| | ) | **OPINION** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | By:   PAMELA MEADE SARGENT |
|     Defendant | ) | United States Magistrate Judge |

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 15) ("the Motion"). Based on the reasoning set out below, the Motion will be granted.

Douglas M. Jackson filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying his claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2003 & Supp. 2009). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. Thereafter, the court, by order entered February 13, 2008, vacated the Commissioner's decision denying benefits and remanded the case to the Commissioner for further consideration. (Docket Item No. 14.) Counsel for Jackson filed a petition seeking approval of a fee of $ 5,400.35 for representing Jackson in this court. By order entered September 22, 2009, the court ordered the

-1-

Commissioner to respond to the Motion. (Docket Item No. 16.) Thereafter, the Commissioner responded, not objecting to the plaintiff's request for fees. (Docket Item No. 17.) Jackson's counsel has informed the court that he has been awarded a fee in the amount of $ 10,116.00 for services performed before the Social Security Administration pursuant to 42 U.S.C.A. § 406(a).

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2003 & Supp. 2009). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Jackson's counsel has provided the court with a fee agreement dated January 28, 2005, in which Jackson agreed to pay counsel 25 percent of his Social Security back pay for representing him on his DIB claim if counsel was ultimately successful in pursuing the claim. (Attachment 1 to Docket Item No. 15). Counsel also has provided the court with a copy of the Social Security Administration's August 23, 2008, Notice Of Award Letter, which states that Jackson is entitled to $62,065.40 in past-due DIB benefit, and that it had withheld $ 15,516.35, or 25 percent, from Jackson's past-due

benefits. (Attachment 2 to Docket Item No. 15).

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney. *See Gisbrecht*, 535 U.S. at 808. Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee. *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). Also, the fee petitioner bears the burden of justifying a requested fee. *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, Jackson's counsel has supplied evidence that shows that counsel spent a total of 9.75 hours in representing Jackson in this court. The time expended appears reasonable. I further find that there is no evidence that counsel in any way contributed to a delay in the award of benefits. Also, the Motion requests a total fee of $ 5,400.35, which, if paid for 9.75 hours of work, would result in a payment of approximately $ 553.88 per hour. While I cannot, in good conscience, find that a fee of more than $500.00 an hour in a social security disability case is per se reasonable, I am, as stated above, obliged to consider Jackson's fee agreement, which allowed for payment of 25 percent of past-due benefits. Considering that, and

in light of the fact that counsel undertook this case under a contingency fee arrangement assuming the risk of no payment if benefits were not awarded, I find that a fee of $ 5,400.35 is reasonable for the attorney's services before this court.

For the foregoing reasons, the Motion will be granted and a judgment will be entered awarding the plaintiff's attorney a fee of $ 5,400.35.

DATED: September 25, 2009.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

-4-

Case 1:07-cv-00056-PMS   Document 18   Filed 09/25/09   Page 4 of 4   Pageid#: 413